UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID WILLIAMS, Individually and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WARSAW (IN.) COMMUNITY SCHOOL CORPORATION, DAVID HOFFERT, Individually, BRANDON PENROD, Individually, JAMIE CORSON, Individually, and CHERYL COOK, Individually,<br><br>Defendants. | CASE NO.:   1:17-CV-181 |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs, David Williams ("Williams"), by and through his counsel, Loren K. Allison, files this Class Action Complaint, individually and on behalf of others similarly situated, and makes the allegations against Defendants, Warsaw (IN.) Community School Corporation; David Hoffert, Individually, Brandon Penrod, Individually, Jamie Corson, Individually, and Cheryl Cook, Individually, ("Defendants"), and states as follows:

I.   STATEMENT OF THE CASE

1. Plaintiffs brings this class action against Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 213, *et seq*, for failure to pay wages for "hours worked" and overtime as required by the Defendants;

2. Plaintiff brings this class action against Defendant, Warsaw Community School Corporation, ("WCSD"), for a violation of the "Indiana Wage Payment Statute", I.C. §22-

        2-5-1 *et seq.*, since Plaintiff and similarly situated employees, were not paid "for all wages" and consequently, are owed "an amount equal to two (2) times the amount of wages due the employee". *Id*. @ 22-2-5-2;

3. Plaintiff, on behalf of others similarly situated, brings this class action against the WCSD for conversion, breach of implied contract and unjust enrichment under Indiana common law.

## II.   FACTUAL ALLEGATIONS

4. Defendant, WCSD conducts business in the City of Warsaw, Kosciusko County, Indiana, which is in the Northern District of Indiana Federal District Court.  Therefore, jurisdiction and venue are proper in the Court.

5. Plaintiff, and similarly situated individuals, have all worked for the Defendant at least three (3) years prior to the filing of the instant action in the capacities of school bus drivers/shuttle drivers, transporting school children from their respective bus stops/homes, to school as school-related activities, and returning them to their respective bus stops/homes.  They are casually referred to as "route drivers".

6. Plaintiff and other similarly situated employees have regularly and routinely complained to decision-making agents employed by WCSD that the System's pay methodology denying them overtime pay and pay for time worked violates federal and state law;

7. By FLSA statutory definition, the term "employ" includes "suffer or permit to work" during a workweek and workday.  The "workweek" ordinarily includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place.  "Workday", in general, means the period between the time on

any particular day when such employee commences their "principal activity" and the time on that day at which they cease such principal activities. The workday therefore, may be longer than the employee's scheduled shift or hours and they complete on occasion, an "Extra Hours Pay" form.

8. Plaintiff and his nonexempt coworkers are required by WCSD agents to "work" prior to driving the bus to conduct pre-trip and post-trip inspections and to determine the barn vehicle is safe to embark on trips, and cleaned upon return to the "barn". They are not paid for this "work";

9. Rather than being paid by a time clock/timesheet, Defendants have pre-ordained/pre-set amounts of money ("wages") the drivers are paid, regardless of the amount of time they work in a day or week that they enter on a "Driver Weekly Log Time" sheet.

10. Moreover, Plaintiff and similarly situated individuals are "engaged to wait" for a school activity to begin and end, but are not paid for such time;

11. Finally, under the FLSA, "overtime" means "time actually worked beyond a prescribed threshold". The normal FLSA "work period" is the "work week" and the regular FLSA overtime threshold is 40 hours per week;

12. Plaintiff and similarly situated individuals are not eligible for/paid for time worked over 40 hours in a workweek, *i.e.* "FLSA overtime";

13. An employer may not accept the benefit(s) of such work by nonexempt employee (Plaintiffs) without counting their time in computing pay due under the FLSA. 29 CFR 785.11, 785.12 and 785.13. FLSA overtime pay is time and one-half the employee's "regular rate of pay";

14. Plaintiffs therefore, are seeking damages and liquidated damages under the FLSA for the knowing and willful violation of the FLSA, since Plaintiffs brought these issues to WCSD's attention, and individual Defendant, Cook, respectively over the course of the last 5 years.  29 U.S.C. 255(a);

15. Plaintiff and similarly situated individuals seek not only their damages from the last 3 years but also an "additional equal amount as liquidated damages" for the WCSD and it's individual co-Defendants.  29 U.S.C. 216(b).;

### III.   CLASS ACTION ALLEGATIONS

16. Class Definition:   Plaintiffs bring this action on behalf of themselves and a class that includes all "School Bus Drivers" ("route drivers") currently and previously employed by the Defendant.

17. Class Too Numerous for Joinder:   Defendant employs, and has employed, well over 50 "route drivers" in Kosciusko County in the last three years.  These employees are not exempt from the federal and state overtime laws, yet Defendant does not pay them overtime or for "all time worked" as mandated by the FLSA and Indiana state laws.

18. Common Questions of Fact:   The Defendant does not pay employees time and half for hours worked over 40 in one week and also does not pay "straight time" pay for all hours worked, which raises questions of fact common to the class.

19. Common Questions of Law:   The same question of law is presented for all class members: Does Defendants' policy and practice violate the FLSA and the Indiana state law?

20. Typicality of Plaintiffs' Claims:   The Plaintiffs' claims encompass the challenged policy

and practice of Defendant described above.

21. <u>Protection of Class Interests</u>:   Plaintiffs will fairly and adequately protect the interests of the class and do not have any conflict of interest with same.

22. <u>Action Maintainable as a Class Action</u>:   This action is maintainable as an "opt-in" collective action pursuant to § 16(b) for the FLSA, 29 U.S.C. § 216(b), for FLSA claims and as a conventional class action for state law claims under Fed. R. Civ. P. 23(a) and (b)(1), (2) and (3).

23. The prosecution of separate actions by or against individual members of the class would create a risk of:

> Inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the parties opposing the class (Fed.R.Civ.P.23(b)(1)(A)); and,

> Adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications ro substantially impair or impede their ability to protect their interests (Fed.R.Civ.P.23(b)(1)(B)).

24. Defendants have acted and refused to act on grounds generally applicable to class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to class members as a whole (Fed.R.Civ.P.23(b)(2)).

25. The questions of law and fact common to the members of the class predominate over any questions effecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Class members have little or no interest in individually controlling the prosecution of separate actions.

27. This action is manageable as a collective action for FLSA claims and as a class action for state law claims because compared with any other method, such as individual interventions of the consolidation of individual actions, a class action is fairer and more efficient.

28. All party plaintiffs have given their consent in writing to become such a party to the FLSA action.  29 U.S.C. 216(b).

### IV.   CAUSES OF ACTION

#### COUNT I

#### FLSA VIOLATIONS

29. Plaintiff hereby incorporates by reference paragraphs 1-28 of Plaintiff's Complaint;

30. Plaintiff and similarly situated individuals were non-exempt employees who were willfully not paid for hours worked, or overtime for hours worked in excess of forty (40) hours per week;

31. Plaintiff and his co-workers are owed damages by the collective Defendants knowing and willful actions, as well as liquidated damages;

#### COUNT II

#### UNPAID WAGES

32. Plaintiff hereby incorporates by reference Plaintiff's paragraphs 1-31 of Plaintiff's Complaint;

33. The Indiana Wage Payment Statute applies to current employees and those who have voluntarily left employment, either permanently or temporarily.  I.C. §22-2-5-1, *et seq.*

34. Plaintiff and his co-workers are covered by the above statute and since they were not paid

"the amount due" the employee, the Plaintiffs are owed double damages per the statute, and because WCSD was not acting in "good faith" when it denied the Plaintiff their unpaid wages. *Id*. 22-2-5-2.

35. Defendant WCSD failed to pay Plaintiff and other similarly situated employees for all wages due them under Indiana law.

## COUNT III

### CONVERSION

36. Plaintiff hereby incorporates by reference paragraphs 1-35 of Plaintiff's Complaint;

37. Pursuant to I.C. §34-24-3-1, Indiana's civil conversion statute, the amounts owed Plaintiff and other similarly situated employees by Defendants are not just a simple debt, but constitute a specific chattel, determined by the precise amounts agreed to by Plaintiff and Defendant for wages. As such, the deliberate and intentional non-payment of wages owed to Plaintiff and other similarly situated employees by Defendant constitutes a wrongful taking of money;

38. Pursuant to the parties' agreement on wages, Defendant WCSD was obligated to pay Plaintiff and other similarly situated employees wages for work. By their course of dealing, Defendant knew that Plaintiff and other similarly situated employees continued to work in exchange for payment of the agreed upon wages;

39. Because the civil conversion statute applies to the amounts owed Plaintiff and his co-workers by defendant, Plaintiff and similarly situated employees are entitled to an award from WCSD under the civil conversion statute not to exceed three times the actual loss, the costs of this action and a reasonable attorney's fee;

## COUNT IV

### EQUITY/UNJUST ENRICHMENT

40. Plaintiff hereby incorporates by reference paragraphs 1-39 of Plaintiff's Complaint;

41. Defendant WCSD received the benefit of Plaintiff's and other similarly situated employee's work, without compensating Plaintiff and his co-workers. As a matter of equity, Defendant should not be allowed to prosper at the expense of Plaintiff and similarly situated employees.

42. The money Defendant owed Plaintiff and other similarly situated employees as wages, all inured directly to defendant's benefit by its nonpayment for work done and time spent for Defendant's benefit. Plaintiff and his similarly situated co-workers should have what they are entitle to in equity, by *quantum meruit*, and Defendant should not be unjustly enriched by its nonpayment of wages;

## COUNT V

### BREACH OF IMPLIED CONTRACT

43. Plaintiff hereby incorporates by reference paragraphs 1-42 of Plaintiff's Complaint;

44. Defendant entered into an implied contract with Plaintiff and his similarly situated co-workers to pay them wages for all work done and time spent for Defendant's benefit.

45. Defendant WCSD breached this implied contract by failing to pay Plaintiff and his similarly situated co-workers all the wages due for the benefit given to Defendant;

46. Plaintiff and other similarly situated employees were all at will employees. The law implies that a contract for payment of wages existed by the very nature of the employer/employee relationship.

47. Defendant used a common course of conduct which caused Plaintiff and other similarly situated employees not to be paid for work performed and directed by WCSD agents and other wages due. The common course of conduct constituted a breach of implied contract.

48. Plaintiff and his similarly situated co-workers were injured by Defendant's breach of implied contract to pay wages.

49. Defendant's actions were intentional, willful, malicious, and in reckless disregard for the rights of Plaintiff and his similarly situated co-workers.

## VI.  REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and award him and those similarly situated the following relief:

   a. All wages and other economic benefits lost as a result of the Defendant's unlawful acts;

   b. Compensatory damages;

   c. Punitive damages;

   d. All costs and attorney fees incurred in litigating this action;

   e. Treble damages for failure to pay wages under Indiana law;

   f. Double damages for failure to pay overtime under the FLSA and Indiana Wage Payment Statute

   g. Pre- and post-judgment interest; and

   h. Any and all other legal and/or equitable relief to which Plaintiff and similarly situated employees are entitled.

VI.   DEMAND FOR TRIAL BY JURY

Comes now, the Plaintiff, David Williams, *et. al.,* by counsel, and requests a trial by jury on all issues deemed so triable.

>Respectfully submitted,
>
>*/s/   Loren K. Allison*
>Loren K. Allison, #10486-98
>1214 Park Ave.
>Fort Wayne, IN 46807
>Tel:    260.466-5205
>Email:  info@lkallison.com
>Attorney for Plaintiff